IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| RICHARD ROUSAY,<br><br>Plaintiff,<br><br>vs.<br><br>PRESIDENT BARACK OBAMA,<br><br>Defendant. | Cause No. CV-09-100-BLG-RFC-CSO<br><br>ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES JUDGE TO DISMISS COMPLAINT |

This matter comes before the Court on Plaintiff Richard Rousay's Motion to Proceed in Forma Pauperis (Court's Doc. No. 1) and proposed Complaint. (Court's Doc. No. 2). Rousay is representing himself.

I.  MOTION TO PROCEED IN FORMA PAUPERIS

Rousay submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears he lacks sufficient funds to prosecute this action the Motion to Proceed In Forma Pauperis will be granted.

II.  ALLEGATIONS

Rousay contends "the United States of America and Mexico

southern sovereign border is unsecured and unfunded to the detriment and economic losses within the sovereign nation of the United States of America." (Court's Doc. No. 2, p. 1). He alleges "individual states grapple with a quandary of millions of new residents entering the unfunded and unsecured southern border with Mexico at great cost to the individual states." He seeks 40 billion dollars so the State of California "can resume funding our state social services and stop the funding short fall due to the actions by our federal employees who are culpable for the great funding hardships that have been beset the great state of California." (Court's Doc. No. 2, p. 2).

## III.  VENUE

This court is not the proper venue for this action. Venue for a civil rights suit under Section 1983 lies "only in the judicial district where all defendants reside, or in which the complaint arose...." See [28 U.S.C. §§ 1391(b)](). President Obama resides in Washington, D.C. and all the events giving rise to the action arose in the State of California.[1] Therefore, venue for this suit does not lie in this Court.

---

[1] Plaintiff appears to be aware of this as he put at the top of his complaint, "Change Venue to:  The Eastern District of California at Sacramento."

28 U.S.C. §1406(a) provides that "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  While the Court has considered the possibility of transferring this action to another district, it will not do so given the nature of Rousay's allegations.

First, Plaintiff names only President Obama as a defendant.  President Obama enjoys presidential immunity from suit for damages for conduct that is part of the President's official duties.  Forrester v. White, 484 U.S. 219, 225, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988); Nixon v. Fitzgerald, 457 U.S. 731, 756-58, 102 S.Ct. 2690, 73 L.Ed.2d 349 (1982).  Thus, President Obama is immune from liability for damages for his official actions.

Secondly, Plaintiff does not indicate how the alleged wrongs involve him.  A plaintiff who fails to allege an injury-in-fact fails to demonstrate a personal stake in the outcome of a controversy sufficient to satisfy the standing requirements of Article III.  Mottola v. Nixon,

464 F.2d 178, 181 (9th Cir. 1972).  The United States Supreme Court has "consistently held that a plaintiff raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large-does not state an Article III case or controversy."  Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130 (1992).

Third, even assuming Plaintiff could demonstrate some personal involvement, there is a "limited scope of judicial inquiry into immigration legislation."  Fiallo v. Bell, 430 U.S. 787, 792, 97 S.Ct. 1473, 52 L.Ed.2d 50 (1977).  Immigration legislation will generally withstand constitutional challenges if it is supported by "a facially legitimate and bona fide reason."  Fiallo, 430 U.S. at 794.

Finally, Plaintiff appears to have history of filing frivolous actions in the State of California.  See Rousay v. Bush, 2007 WL 1875973 (E.D.Cal. June 28, 2007); Rousay v. Schorago, 2007 WL 1492943 (C.D.Cal. Mary 23, 2007); Rousay v. Cellucci, 2007 WL 1219287

(E.D.Cal. April 25, 2007).[2]

Given his failure to name a proper defendant, his failure to allege personal involvement, his history of litigation in California courts, and the limited scope of judicial inquiry into immigration legislation, the Court finds that it is not necessary in the interests of justice to transfer this matter.

Based on the foregoing, the Court hereby enters the following:

ORDER

1. Rousay's Motion to Proceed in Forma Pauperis (Court's Doc. No. 1) is GRANTED.

2. At all times during the pendency of these actions, Plaintiff SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. Failure to file a

---

[2]The U.S. Party/Case Index on pacer.uscourts.gov list four cases from United States District Court in Utah and seven cases from the United States District Courts in California. It is unclear whether all of these cases were filed by the same Richard Rousay filing this action.

NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further the Court issues the following:

## RECOMMENDATION

1. Plaintiff's Complaint should be dismissed pursuant to 28 U.S.C. § 1406(a).

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. This Court is clearly the wrong venue for this matter and any appeal of this issue would be frivolous.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendation within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

A district judge will make a de novo determination of those

portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. [Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991)](#).

This is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to [Fed.R.Civ.P. 4(a)(1)](#), should not be filed until entry of the District Court's final judgment.

DATED this 24th day of August, 2009.

>  /s/ *Carolyn S. Ostby*
>  Carolyn S. Ostby
>  United States Magistrate Judge